# ATTACHMENT 1

EFILE: Soha & Lang, PS\Paul Rosner\CLARK COUN

**E-FILED**
**07-17-2024, 10:42**
**Scott G. Weber, Clerk**
**Clark County**

12 pages

Insurance Commissioner
ACCEPTED SOP

JUL 19 2024
TIME: 8AM

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

TAPANI PLUMBING, INC., a Washington
corporation; EMERICK CONSTRUCTION
COMPANY, a foreign corporation; and
OHIO SECURITY INSURANCE
COMPANY, a foreign corporation,

Plaintiffs,

vs.

FEDERATED MUTUAL INSURANCE
COMPANY, a foreign corporation.

Defendants.

No. 24-2-02288-06

**COMPLAINT FOR DAMAGES**

Plaintiffs TAPANI PLUMBING, INC., EMERICK CONSTRUCTION COMPANY, and OHIO SECURITY INSURANCE COMPANY (collectively, "Plaintiffs"), represented by their attorneys of record, bring this Complaint for Damages against Defendant FEDERATED MUTUAL INSURANCE COMPANY, and allege as follows:

## I.    PARTIES

1.1    Plaintiff Tapani Plumbing, Inc. ("Tapani"), is a Washington corporation with principal place of business in Washington.

1.2    Plaintiff Emerick Construction Company ("Emerick") is an Oregon corporation with principal place of business in Oregon.

COMPLAINT FOR DAMAGES – 1
Clark County Superior Court No. 24-2-02288-06

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
(206) 624-1800/FAX (206) 624-3585

1    1.3    Plaintiff Ohio Security Insurance Company ("Ohio") is a foreign insurance

2    company, authorized to provide insurance coverage in the state of Washington.

3    1.4    Defendant Federated Mutual Insurance Company ("Federated") is a foreign

4    insurance company, authorized to provide insurance coverage in the state of Washington.

5    **II.    JURISDICTION AND VENUE**

6    2.1    Subject Matter Jurisdiction. This Court has subject matter jurisdiction pursuant

7    to RCW 2.08.010.

8    2.2    Personal Jurisdiction. This Court has personal jurisdiction over Federated

9    because, at all times relevant, Federated was licensed to and in fact did provide insurance in the

10    State of Washington.

11    2.3    Venue. Venue in this Court is proper pursuant to RCW 4.12.025.

12    **III.    FACTS OF THE CASE**

13    **The Construction Project**

14    3.1    Plaintiff Emerick was general contractor for a construction project at Ridgefield

15    High School, located at 2630 South Hillhurst Road, Ridgefield, Washington 98642 (the

16    "Project").

17    3.2    Plaintiff Emerick hired Plaintiff Tapani as a subcontractor on the Project.

18    3.3    The written contract between Emerick and Tapani (the "Prime Contract")

19    included the following clause requiring Tapani add Emerick as an additional insured:

20    **3.**    The Subcontractor [Tapani] agrees that the **owner,**
    **architect and Emerick Construction**, as well as their
21    employees, agents, and officers (also referred to collectively as
    "Additional Insureds") are to be expressly made Additional
22    Insureds under all liability policies. To the fullest extent
    permitted by law, these policies will provide Additional Insureds
23    with insurance coverage entitling them to defense and indemnity
    from and against liability arising out of or in any way related to

COMPLAINT FOR DAMAGES – 2
Clark County Superior Court No. 24-2-02288-06

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
(206) 624-1800/FAX (206) 624-3585

1  the Subcontractor's Work or operations pursuant to this Agreement, including preparation to perform such work or operations.

2

3  3.4  Plaintiff Tapani hired Robert Lloyd Sheet Metal ("RLSM") as a subcontractor

4 for the Project.

5  3.5  The written contract between Tapani and RLSM (the "Subcontract") included

6 the following clause incorporating the prime contract:

7  **Prime Contract.** Contractor [Tapani] has entered into a contract ("Prime Contract") with Emerick Construcion Co for the construction of Ridgefield HS Addition. The Prime Contract, including without limitation its general conditions, special conditions, instructions to bidders, specifications, and drawings are fully incorporated herein by this reference.

8

9

10  3.6  The Subcontract also included the following clause requiring RLSM to add

11 Tapani as an additional insured:

12  **Insurance.** Prior to the start of Subcontractor's [RLSM's] Work, the Subcontractor shall procure for the Subcontractor's Work and maintain in force … Comprehensive or Commercial General Liability Insurance on an occurrence basis … and all types of coverages and policy limits required by the Contractor in the Prime Contract. … The Contractor, Prime Contractor [Emerick], Owner and other parties designated in the Contract Documents shall be named a primary additional insured. All coverage afforded by Contractor, Prime Contractor and Owner shall be considered excess and non-contributory.

13

14

15

16  **The Insurance Policies**

17  3.7  Ohio insured Tapani under Policy No. BKS 58631552, with policy period May

18 1, 2018 through May 1, 2019 (the "Ohio Policy"). The Ohio Policy included Commercial

19 General Liability coverage with a policy limit of $1 million per occurrence for bodily injury

20 that occurs during the policy period.

21  3.8  The Ohio Policy includes an endorsement entitled "Additional Insured –

22 Owners, Lessees or Contractors – Scheduled Person or Organization – Including Primary /

23

COMPLAINT FOR DAMAGES – 3
Clark County Superior Court No. 24-2-02288-06

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
(206) 624-1800/Fax (206) 624-3585

1 Non-Contributory and Waiver of Subrogation," form CG 90 43 08 12. The endorsement

2 includes the following language:

3       **A.**    To the extent permitted by law, **Section II – Who Is An Insured** is
4            amended to include as an additional insured the person(s) or
organization(s) shown in the Schedule, but only with respect to liability
for "bodily injury", "property damage" or "personal and advertising
5            injury" arising out of your ongoing operations[.]

6     3.9     Federated insured RLSM under Policy No. 9356796, with policy period July 1,

7 2018, through July 1, 2019 (the "Federated Policy"). The Federated Policy included a

8 Commercial General Liability coverage with a policy limit of $1 million per occurrence for

9 bodily injury that occurs during the policy period.

10     3.10    The Federated Policy includes an endorsement entitled "Additional Insured –

11 Owners, Lessees or Contractors – Automatic Status When Required in Construction Agreement

12 with You," form CG 20 33 04 13. The endorsement includes the following language:

13       **A.**    **Section II – Who Is An Insured** is amended to include as an additional
insured any person or organization for whom you are performing
14            operations when you and such person or organization have agreed in
writing in a contract or agreement that such person or organization be
15            added as an additional insured on your policy. Such person or
organization is an additional insured only with respect to liability for
16            "bodily injury", "property damage", or "personal and advertising injury"
caused, in whole or in part, by:
17            **1.**     Your acts or omissions; or
           **2.**     The acts or omissions of those acting on your behalf;
18            in the performance of your ongoing operations for the additional insured.

19     3.11    On June 6, 2018, Federated produced a Certificate of Liability Insurance (the

20 "Certificate") as evidence of the Federated Policy. Federated included an "Additional Remarks

21 Schedule" to the Certificate. In the Additional Remarks, Federated included the following

22 language:

23     ADDITIONAL INSURED ALSO INCLUDES: EMERICK CONSTRUCTION
    CO

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
(206) 624-1800/FAX (206) 624-3585

**The Gasporyan Lawsuit**

3.12    On March 16, 2022, Eduard Gasporyan, a Washington resident, filed a "Complaint for Personal Injury" in the lawsuit *Eduard Gasporyan v. Tapani Plumbing, Inc., and Emerick Construction Company*, Clark County Superior Court Case No. 22-2-00589-06 (the "Gasporyan Lawsuit").

3.13    In the complaint, Mr. Gasporyan alleges that, on or about April 3, 2019, Mr. Gasporyan was acting as an employee of RLSM, when he tripped over a hose left across the floor of the job site, causing severe injuries. Mr. Gasporyan claimed negligence on the part of both Tapani and Emerick.

3.14    RLSM was immune from the Gasporyan Lawsuit as employers of Mr. Gasporyan.

**Tenders of Defense and Settlement of the Gasporyan Lawsuit**

3.15    Shortly after the Gasporyan Lawsuit was filed, Emerick tendered defense of the Gasporyan Lawsuit to Ohio. Ohio accepted the tender of Emerick as an additional insured on the Ohio Policy.

3.16    In a letter dated October 19, 2022, Emerick tendered defense of the Gasporyan Lawsuit to Federated.

3.17    In a letter dated February 2, 2023, Federated responded to Emerick's tender ("Federated's February 2023 Letter"). In Federated's February 2023 Letter, Federated stated Federated would contribute to Emerick's defense of the Gasporyan Lawsuit under a reservation of rights. Federated's February 2023 Letter also incorrectly stated that there was no coverage for Emerick under the Federated Policy.

COMPLAINT FOR DAMAGES – 5
Clark County Superior Court No. 24-2-02288-06

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON  98101-2509
(206) 624-1800/FAX (206) 624-3585

3.18    Federated's February 2023 Letter included several incorrect statements of fact and law. In particular:

(a)    Federated incorrectly claimed that there was no privity of contract between Emerick and RLSM;

(b)    Federated incorrectly claimed that privity was required between Emereick and RLSM, in order for Emerick to be an additional insured on the Federated Policy; and

(c)    Federated incorrectly claimed that if Emerick were an additional insured under the Federated Policy, there would only be coverage insofar as damages were caused by RLSM's negligence.

3.19    Ohio paid Emerick's defense fees and costs for the Gasporyan lawsuit/. As of the date of this Complaint, Federated has not contributed to Emerick's defense costs.

3.20    In a letter dated March 27, 2023, Ohio tendered defense of the Gasporyan Lawsuit to Federated on behalf of Tapani.

3.21    In a letter dated June 20, 2023, Federated responded to the March 27, 2023, tender of defense ("Federated's June 2023 Letter"). In Federated's June 2023 Letter, Federated stated Federated would contribute to Tapani's defense of the Gasporyan Lawsuit under a reservation of rights. Federated's June 2023 Letter also incorrectly concluded there was no coverage for Tapani under the Federated Policy.

3.22    Federated's June 2023 Letter included several incorrect statements of facts and law. In particular:

(a)    Federated incorrectly claimed that Tapani qualified as an additional insured only insofar as damages were caused by RLSM's negligence; and

(b)    Federated incorrectly claimed there were no allegations in the Gasporyan lawsuit that could implicate RLSM for negligence.

COMPLAINT FOR DAMAGES – 6
Clark County Superior Court No. 24-2-02288-06

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
(206) 624-1800/FAX (206) 624-3585

1     3.23   Ohio paid Tapani's defense fees and costs. As of the date of this Complaint,

2 Federated has not contributed to Tapani's defense costs.

3     3.24   The Gasporyan Lawsuit settled on or about September 19, 2023 Emerick and

4 Tapani jointly settled for $300,000.00. Federated has not contributed to this settlement.

5     3.25   As outlined above, Federated violated RCW 48.01.030 and numerous provisions

6 of WAC 284-30 *et seq.*, by:

7         (a)   Misrepresenting pertinent facts or insurance policy provisions. WAC 284-30-330 (1);

8
9         (b)   Refusing to pay claims without conducting a reasonable investigation. WAC 284-30-330 (4);

10         (c)   Failing to affirm or deny coverage of claims within a reasonable time after fully completed proof of loss documentation has been submitted.
11         WAC 284-30-330 (5);

12         (d)   Compelling Emerick and Tapani to enter arbitration to recover amounts due under the Federated Policy. WAC 284-30-330 (7); and

13         (e)   Failing to respond to pertinent communication within ten working days.
14         WAC 284-30-360 (3).

15     **IV.   FIRST CLAIM OF RELIEF – BREACH OF CONTRACT**
        **(Tapani and Emerick v. Federated)**

16     4.1   Plaintiffs incorporate by reference and re-allege paragraphs 1.1 through 3.25 as

17 though fully set forth herein.

18     4.2   Plaintiffs Tapani and Emerick were additional insureds on a primary basis under

19 the terms of the Federated Policy.

20     4.3   As additional insureds, Plaintiffs Tapani and Emerick were intended

21 beneficiaries of the Federated Policy.

22     4.4   By the conduct of Federated alleged herein, including, but not limited to, failing

23 to defend Tapani and Emerick, and failing to indemnify Tapani and Emerick, Federated has

COMPLAINT FOR DAMAGES – 7
Clark County Superior Court No. 24-2-02288-06

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
(206) 624-1800/FAX (206) 624-3585

1  breached one or more of its obligations under the Federated Policy, proximately causing

2  damage in an amount to be proven at trial.

### V.   SECOND CLAIM OF RELIEF – BAD FAITH
### (Tapani and Emerick v. Federated)

5.1    Plaintiffs incorporate by reference and re-allege paragraphs 1.1 through 4.4 as

though fully set forth herein.

5.2    Federated acted unreasonably by failing to conduct a reasonable investigation,

and/or by basing its reservation of rights on false claims regarding Washington law and/or by

basing its reservation of rights on false statements related to the facts of the case and/or by its

breach of claims handling regulations as set forth in paragraph 3.25 above.

5.3    Federated also acted unreasonably by not contributing to the Tapani's and

Emerick's settlement of the Gasporyan Lawsuit.

5.4    Federated has thus acted in bad faith, causing harm to Plaintiffs Tapani and

Emerick in an amount to be proven at trial.

### VI.   THIRD CLAIM OF RELIEF – NEGLIGENCE
### (Tapani and Emerick v. Federated)

6.1    Plaintiffs incorporate by reference and re-allege paragraphs 1.1 through 5.4 as

though fully set forth herein.

6.2    Federated failed to exercise reasonable care in investigating and responding to

Emerick's and Tapani's tenders of the Gasporyan Lawsuit. Federated therefore negligently

breached its contractual, common law, and statutory duties under RCW 48.01.030 and WAC

28-30 *et seq.*

6.3    Federated's negligence has directly and proximately caused damage to Plaintiffs

Tapani and Emerick in an amount to be determined at trial.

COMPLAINT FOR DAMAGES – 8
Clark County Superior Court No. 24-2-02288-06

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
(206) 624-1800/FAX (206) 624-3585

## VII.   FOURTH CLAIM OF RELIEF – VIOLATION OF IFCA
### (Tapani and Emerick v. Federated)

7.1     Plaintiffs incorporate by reference and re-allege paragraphs 1.1 through 6.3 as though fully set forth herein.

7.2     On March 29, 2024, Tapani filed and served notice of claim to the Washington State Insurance Commissioner and Federated pursuant to the Insurance Fair Conduct Act. A copy of Tapani's Insurance Fair Conduct Act notice with enclosures is attached to this Complaint as Exhibit **A**.

7.3     More than twenty (20) days have passed between Tapani's notice of claim and the filing of this complaint.

7.4     On April 19, 2024, Emerick filed and served notice of claim to the Washington State Insurance Commissioner and Federated pursuant to the Insurance Fair Conduct Act. A copy of Emerick's Insurance Fair Conduct Act notice with enclosures is attached to this complaint as Exhibit **B**.

7.5     More than twenty (20) days have passed between Emerick's notice of claim and the filing of this complaint.

7.6     Plaintiffs Tapani and Emerick are first party claimants under the Federated Policy.

7.7     Federated has unreasonably denied Tapani's and Emerick's claims for coverage or payment of benefits in violation of RCW 48.30.015 (1).

7.8     Federated has violated regulations of the Insurance Commissioner including as set forth in paragraph 3.25 above.

COMPLAINT FOR DAMAGES – 9
Clark County Superior Court No. 24-2-02288-06

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
(206) 624-1800/Fax (206) 624-3585

7.9     By reason of Federated's violation of the Insurance Fair Conduct Act, Tapani and Emerick are entitled to actual damages, enhanced damages not to exceed three times actual damages, attorney's fees, and actual and statutory litigation costs, including expert witness fees.

## VIII.   FIFTH CLAIM OF RELIEF – VIOLATION OF CPA
### (Tapani and Emerick v. Federated)

8.1     Plaintiffs incorporate by reference and re-allege paragraphs 1.1 through 7.9 as though fully set forth herein.

8.2     Federated's conduct, including its bad faith and violation of insurance regulations, violated the Washington Consumer Protection Act as set forth in RCW 19.86 *et seq.*

8.3     By reason of Federated's violation of the Washington Consumer Protection Act, Plaintiffs Tapani and Emerick are entitled to punitive damages as set forth therein, in addition to actual damages, attorney's fees, and other expenses of this litigation.

## IX.   SIXTH CLAIM OF RELIEF – DECLARATORY RELIEF
### (Tapani and Emerick v. Federated)

9.1     Plaintiffs incorporate by reference and re-allege paragraphs 1.1 through 8.3 as though fully set forth herein.

9.2     Tapani and Emerick are entitled to declaratory judgment from this Court setting forth Federated's rights, duties and obligations to Tapani and Emerick under the Federated Policy.

## X.   SEVENTH CLAIM OF RELIEF – EQUITABLE CONTRIBUTION
### (Ohio v. Federated)

10.1     Plaintiffs incorporate by reference and re-allege paragraphs 1.1 through 9.2 as though fully set forth herein.

COMPLAINT FOR DAMAGES – 10
Clark County Superior Court No. 24-2-02288-06

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
(206) 624-1800/FAX (206) 624-3585

1    10.2    Federated is the primary insurer for Tapani and Emerick under the Federated

2    Policy for the Gasporyan Lawsuit. As a result, Federated solely bears a duty to defend both

3    Tapani and Emerick.

4    10.3    Because Federated refused to recognize its sole duty to defend Tapani and

5    Emerick in the Gasporyan Lawsuit, Ohio paid almost all of thedefense costs for both Tapani

6    and Emerick.

7    10.4    Ohio is entitled to recover from Federated all defense fees and costs for both

8    Tapani and Emerick.

9    **XI.    RESERVATION OF RIGHT TO AMEND**

10    11.1    Plaintiffs reserve the right to amend their Complaint, in whole or in part, as they

11    obtain additional facts through investigation and discovery.

12    **PRAYER FOR RELIEF**

13    Plaintiffs pray for relief as follows:

14    1.    An award of all damages legally available as a result of the breach, acts, and/or

15    omissions of Federated;

16    2.    An award of the amount Ohio paid to settle the claims against Tapani and

17    Emerick in the Gasporyan Lawsuit.

18    3.    An award of all costs and attorney fees for Tapani's and Emerick's defense in

19    the Gasporyan Lawsuit.

20    4.    A declaration consistent with the pleadings herein, including but not limited to

21    declarations that: a) Federated breached its duty to defend; b) Federated breached its fiduciary

22    obligations; c) Federated breached its obligations of good faith and fair dealing; and d)

23

COMPLAINT FOR DAMAGES – 11
Clark County Superior Court No. 24-2-02288-06

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
(206) 624-1800/Fax (206) 624-3585

1  Federated violated its extra-contractual duties, the Washington Consumer Protection Act and

2  the Washington Insurance Fair Conduct Act;

3      5.    An award of attorney fees and costs of litigation against Federated pursuant to

4  *Olympic Steamship, Inc. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991) and its

5  progeny;

6      6.    An award of attorney fees based upon bad faith and violations of the

7  Washington Consumer Protection Act against Federated;

8      7.    For enhanced damages, attorneys' fees, costs and expenses under Washington's

9  Consumer Protection Act against Federated;

10      8.    For such other and further relief as the Court deems just and equitable.

11      DATED this 17th day of July, 2024.

12                              SOHA & LANG, P.S.

13

14  By:   *s/Paul Rosner*
        Paul Rosner, WSBA # 37146
        Benjamin K. Helford, WSBA # 46960

15          1325 Fourth Avenue, Suite 940
        Seattle, WA 98101

16          Ph: (206) 624-1800
        Fx: (206) 624-3585

17          Email: rosner@sohalang.com
        Email: helford@sohalang.com

18          Attorneys for Plaintiffs

19

20

21

22

23

COMPLAINT FOR DAMAGES – 12
Clark County Superior Court No. 24-2-02288-06

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
(206) 624-1800/FAX (206) 624-3585